**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MAMIE L. MACK,
Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

No. 96-1154

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-94-1659-2-18AJ)

Submitted: March 25, 1997

Decided: July 17, 1997

Before WIDENER, MURNAGHAN, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mary J. Wiesen-Kosinski, Aiken, South Carolina, for Appellant. Margaret B. Seymour, United States Attorney, John B. Grimball, Assistant United States Attorney, Arthur J. Fried, General Counsel, Randolph W. Gaines, Acting Principal Deputy General Counsel, A. George Lowe, Acting Associate General Counsel, Litigation Division, Frieda Schlemeyer Colfelt, Office of the General Counsel, SOCIAL

SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mamie Mack appeals the decision of the district court adopting the recommendation of the magistrate judge, granting summary judgment to the Commissioner of Social Security, and upholding the denial of Mack's application for disability insurance benefits and supplemental security income. The Commissioner's decision to deny benefits was based upon the finding that Mack had the residual functional capacity to perform work-related activities, except for work involving understanding and carrying out detailed or complex instructions, and thus was not disabled within the meaning of the Social Security Act. Because we find that the Commissioner's decision is supported by substantial evidence, and that the correct law was applied, we affirm.*

Mack filed her application for social security disability benefits claiming disability since April 2, 1992, as the result of back problems and high blood pressure. A hearing was held before an administrative law judge (ALJ) on June 11, 1993. After a thorough review of the hearing testimony by Mack and her daughter, and the relevant medical evidence, the ALJ determined that, although Mack suffers from mild mental retardation, she was not disabled because, at that time, Mack's medical condition did not constitute a disability under the Social Security Act.

_____

*On December 15, 1994, while this action was pending in the district court, Mack filed a second application for disability benefits claiming disability since September 29, 1993. The ALJ entered a decision in favor of Mack and the government has not appealed. Our decision today is not intended to disturb this subsequent award of benefits to Mack.

2

This court must uphold the Commissioner's decision that a claimant is not disabled so long as the correct law was applied and the decision is supported by substantial evidence. 42 U.S.C.§ 405(g) (West Supp. 1996); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is `substantial evidence.'" Hays v. Sullivan, 907 F.2d at 1456 (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). This court will not reweigh the evidence or substitute its judgment for that of the ALJ. Hays, 907 F.2d at 1456.

After considering Mack's claims on appeal and reviewing the record, we find that the ALJ properly evaluated the evidence before him, including Mack's subjective complaints, and made appropriate credibility and factual findings in accordance with relevant regulatory criteria and Fourth Circuit case law.

Accordingly, we affirm the district court's order upholding the Commissioner's denial of Mack's April 2, 1992, application for disability benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED